Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1595 | **DATE** | April 7, 2011 |
| **CASE TITLE** | Osvaldo Bustamante, Jr. (2010-1215157) v. Cook County Dep't of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [5] is granted. The Court authorizes and orders the trust fund officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Defendants Cook County Department of Corrections, Sergeant Manos, Captain Andrews, Nurse Wyle, and Grande Bass are dismissed as Defendants. The Clerk is directed to issue summonses for Defendant Ramos, and the United States Marshals Service is appointed to serve him. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's correspondence [4] is construed as a motion for appointment of counsel, and is denied.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, Osvaldo Bustamante, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on January 3 or January 4, 2011, he was attacked by another pre-trial detainee, Grande Bass because Defendants were deliberately indifferent to a substantial risk of serious harm to his safety and security. Plaintiff alleges that Bass attacked him because he refused to purchase Bass' psychiatric medication. Plaintiff further alleges that when Bass attacked him he yelled for help from Defendant Ramos and it took 10 to 15 minutes for him to arrive, after the attack was over. Plaintiff alleges that his head was slammed into a steel desk and when he tried to defend himself, Bass slammed Plaintiff's back into the corner of the desk several times. Plaintiff names Sergeant Manos Captain Andrews, seemingly in their supervisory capacity. He further names Nurse Wyle in the caption but makes no allegation against him/her in the body of his complaint.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $23.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendant Ramos for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While a more fully developed record may belie the Plaintiff's allegations, Defendant Ramos must respond to the complaint.

However, Plaintiff has failed to state a cause of action against Defendants Sergeant Manos and Captain Andrews. Plaintiff makes his claims against these Defendants in their supervisory capacity. Plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendants Manos and Andrews hold supervisory positions is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendants Manos and Andrews were personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against them.

Additionally, Plaintiff names Nurse Wyle as a Defendant in the caption of the case, but makes no allegation against him/her in the body of his complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). Plaintiff has failed to plead sufficiently as to Defendant Wyle to give him/her adequate notice of any claim. Plaintiff's complaint is dismissed as to Defendant Wyle, without prejudice to Plaintiff filing an amended complaint giving him/her appropriate notice of how his/her action/inaction violated Plaintiff's rights.

Further, Plaintiff names the Cook County Department of Corrections as a Defendant. Plaintiff cannot proceed on his claim against the Cook County Department of Corrections, as it is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, the Cook County Department of Corrections is dismissed as a Defendant.
**(CONTINUED)**

| STATEMENT |
|---|

Finally, Plaintiff named Grande Bass, the inmate who is alleged to have attacked him, as a Defendant. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Two circumstances have been recognized by the court in which a defendant may be found to act under color of state law. First, when the state has cloaked the defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d 564, 567 (7th Cir. 2003). The second, when the defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *Id.* at 567. Defendant Bass is a private individual, and neither of these exceptions apply to him, or the actions he took in attacking Plaintiff. Consequently, Plaintiff may not sue him seeking relief under § 1983, and he is dismissed as a Defendant.

The Clerk shall issue summonses for service of the complaint on Defendant Ramos (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff submitted correspondence to the Court that the Court construes as a motion for appointment of counsel. The motion is denied, without prejudice to later renewal. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendants respond to the complaint.

*James F. Holderman*